**Calvin Vashane SHARPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–99–00031–CR.**

Court of Appeals of Texas, Texarkana.

Submitted March 27, 2000.

Decided March 28, 2000.

---

**7.** *See Ex parte Serrato,* 3 S.W.3d 41, 42 (Tex. Crim.App.1999).

J. Stephen Cooper, Dallas, for appellant.

Kerry P. Fitzgerald, Asst. Dist. Atty.–Appellate Section, Christina O'Neil, Asst. Dist. Atty., Dallas, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

OPINION

Opinion by Chief Justice CORNELIUS.

Calvin Sharper was convicted by a jury for aggravated assault on a public servant. The jury made a deadly weapon finding.

Sharper's punishment was set by the jury at ninety years' imprisonment and a $10,000.00 fine. This case was consolidated for trial with three other cases, two of which also involved assault on other public servants on the same date, and the third of which involved an aggravated robbery. A co-defendant was also tried along with Sharper in the same proceeding. The offenses grew out of the armed robbery of a bank and the subsequent police chase.

Sharper contends on appeal that the court committed reversible error by refusing to grant a mistrial after the State revealed to the jury that Sharper was in jail, and that the court erred by entering a "use of deadly weapon finding" in the judgment at a time when Sharper was not in the courtroom.

We first address Sharper's contention that the court erred by refusing to grant his request for a mistrial. The State's counsel was questioning a witness who appeared in jail attire. The following transpired:

Q. You have been in the hold-over the past two or three days with Mr. Beasley and Mr. Sharper; is that right?

A. Well, we have been in separate hold-overs.

Q. Have you had any conversations back there?

A. No.

The court at that time held a bench conference with the attorneys, but the conference was not recorded. The prosecutor then went on with his questioning. The gist of the discussion was later made of record in a hearing held outside the presence of the jury. The court acknowledged that the prosecutor had improperly indicated that Sharper and his co-defendant had been incarcerated, and instructed the jury not to consider that testimony. The court denied Sharper's motion for mistrial.

The asking of an improper question will seldom call for a mistrial because, in most cases, any harm can be cured by an instruction to disregard. *Ladd v. State,*

3 S.W.3d 547, 567 (Tex.Crim.App.1999). A mistrial is required only when the improper question is clearly prejudicial to the defendant and is of such character as suggests the impossibility of withdrawing the impression produced on the minds of the jurors. *Id.* A trial court's denial of a mistrial is reviewed under an abuse of discretion standard. *Id.; State v. Gonzalez,* 855 S.W.2d 692, 696 (Tex.Crim.App. 1993).

The Court of Criminal Appeals recognized in *Randle v. State,* 826 S.W.2d 943, 944–46 (Tex.Crim.App.1992), that the appearance of a defendant before the jury in jail clothes and handcuffs might adversely affect the presumption of innocence, and concluded that it could not decide beyond a reasonable doubt that the failure of the court and its officers to preserve the presumption of innocence was harmless. *Id.* (citing TEX.CODE CRIM. PROC. ANN. art. 2.03(b) (Vernon 1977)).

*Randle* does not control the disposition of this case. This is not a case where the defendant appeared before the jury in jail attire. Involved here is the propriety of a question by the prosecutor that elicited information showing that the defendant had been incarcerated.

█ Assuming that the prosecutor's question was error, we conclude that the court's instructing the jury to disregard the question cured the error. The matter was raised one time, and it does not appear that it was emphasized or even repeated at any other point in the proceeding. In a lengthy and detailed instruction, the court instructed the jury to disregard the question "asking the witness if he had an opportunity to have any discussions with any of the individuals charged in this case in the holding facility." We conclude that the question and answer are not of such a character that the instruction would not withdraw the impression from the minds of the jurors.

Sharper next contends that the court erred because it made a deadly weapon finding at a time when Sharper was not in the courtroom. Sharper's complaint does not accurately reflect what occurred. The deadly weapon finding was made by the jury when it found Sharper guilty as charged in the indictment, and the weapon charged was per se a deadly weapon. *See Brooks v. State,* 900 S.W.2d 468, 474 (Tex. App.-Texarkana 1995, no pet.). The trial court was required to enter the jury's finding in its judgment. *Id.* The question here, however, does not concern the judgment; it concerns an oral pronouncement by the trial court.

█ In felony prosecutions and with some exceptions, the defendant must ordinarily be personally present at the trial. TEX.CODE CRIM. PROC. ANN. art. 33.03 (Vernon 1989). The record shows that Sharper had been sentenced before he was removed from the courtroom. Sharper began asking about his appeal, at which point the court had him removed from the courtroom. Then, the court went back on the record to set out the jury's affirmative finding that both defendants had used deadly weapons during the offenses.

█ Because the jury had already found Sharper guilty as charged in the indictment, which contained the allegation that he used a deadly weapon, and Sharper had already been sentenced, the court was not required to orally state as a part of its sentence that a deadly weapon finding had been made. Indeed, a deadly weapon finding is not a part of a sentence. *State v. Ross,* 953 S.W.2d 748, 752 (Tex.Crim.App. 1997). The court was required to enter the finding made by the jury into the judgment, and did so. Thus, we conclude that the defendant was not absent during a portion of his trial, within the meaning of Article 33.03. Moreover, any error would clearly be harmless, since the oral pronouncement of a deadly weapon finding at that point in the proceedings was unnecessary and surplusage. *See Mares v. State,*

571 S.W.2d 303, 307 (Tex.Crim.App. [Panel Op.] 1978).

The judgment is affirmed.