

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00257-CR

_____

JAMES RYAN LOPEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 47401-B

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

On October 22, 2019, the trial court adjudicated Lopez's guilt,[1] revoked his community supervision, and sentenced him to eight years' imprisonment. As reflected in both the trial court's judgment and the clerk's bill of costs, Lopez was also fined $2,000.00 and ordered to pay $425.00 in attorney fees for his court-appointed counsel during his revocation.

On appeal, Lopez argues that the fine must be deleted because it was not orally pronounced by the trial court during sentencing. Lopez also argues that the trial court erred in assessing attorney fees against him because he was indigent during the revocation proceeding. The State concedes both issues. As a result, we delete the assessments of the fine and attorney fees from the trial court's judgment and the clerk's bill of costs. As modified, the trial court's judgment is affirmed.

"We have the authority to modify the judgment to make the record speak the truth." *Minter v. State*, 570 S.W.3d 941, 944 (Tex. App.—Texarkana 2019, no pet.) (citing TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.)).

In this case, the trial court imposed a $2,000.00 fine in its order of deferred adjudication. However, when the trial court adjudicated Lopez's guilt, it did not orally pronounce a fine. Nevertheless, a $2,000.00 fine was included in the written judgment adjudicating guilt and in the certified bill of costs. "[W]hen an accused receives deferred adjudication, no sentence is imposed."

---

[1] In 2018, Lopez had pled guilty to family violence assault. Pursuant to a plea agreement, the trial court had placed Lopez on deferred adjudication community supervision for a period of eight years and had, in its judgment, assessed a $2,000.00 fine.

*Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). If guilt is subsequently adjudicated, "the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine." *Id*. Since fines are punitive and intended to be a part of the defendant's sentence, they "generally must be orally pronounced in the defendant's presence." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (citing TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a); *Taylor*, 131 S.W.3d at 500). When there is a conflict between the oral pronouncement of sentence in open court, which includes any imposition of a fine, and the written judgment, the oral pronouncement controls. *See Taylor*, 131 S.W.3d at 502 (citing *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003)). Since the trial court did not orally pronounce a fine, we find that the assessment of a fine in the judgment adjudicating guilt as in the bill of costs was error. As a result, we sustain Lopez's first point of error and delete the fine from the judgment and the clerk's bill of costs.

Next, because the trial court found Lopez indigent during the revocation, he was presumed to remain indigent absent proof of a material change in his circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p), 26.05(g) (Supp.); *Walker v. State*, 557 S.W.3d 678, 689 (Tex. App.—Texarkana 2018, pet. ref'd). Even though Lopez was found to be indigent for purposes of appeal, $425.00 in attorney fees was assessed against him.

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art.

3

26.05(g) (Supp.). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). Since there is no finding of the ability of Lopez to pay them, the assessment of the attorney fees was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.). We sustain Lopez's second point of error and delete the $425.00 assessment for attorney fees from the judgment and clerk's bill of costs.

We modify the assessments of the fine and attorney fees by deleting them from the trial court's judgment and the clerk's bill of costs. As modified, the trial court's judgment is affirmed.

.

Josh R. Morriss, III
Chief Justice

Date Submitted:     April 22, 2020
Date Decided:       April 23, 2020

Do Not Publish

4