

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00160-CR

_____

DOCK LEE MINTER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR17-128

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Stevens

# OPINION

When L.A.[1] was a young child and living with her grandmother and Dock Lee Minter, she was sexually abused by Minter for several years. As a result, a jury convicted Minter of aggravated sexual assault of a child[2] and assessed a punishment of life imprisonment. In his sole issue on appeal, Minter challenges the constitutional validity of Article 38.07 of the Texas Code of Criminal Procedure.[3] We find that Minter did not preserve this issue for our review. However, we modify the trial court's judgment to reflect that there was no plea of true and no finding regarding any enhancement paragraph. As modified, we affirm the trial court's judgment.

## I.      Factual Background

L.A., who was twenty-eight years old at the time of trial, testified that when she was five years old and living with Minter and her grandmother, Minter approached her while she was in bed. Minter told her that he was "getting his little girl ready," pulled her underwear down, and pushed his fingers into her vagina. Over time, Minter's conduct progressed. Minter had L.A. perform oral sex on him and penetrated her vagina with his penis. In addition, Minter penetrated her anally, and penetrated her vagina with other objects. This sexual abuse continued until L.A. was eleven or twelve years old, when she had her first menstrual period.

L.A. also testified that she had tried to tell her grandmother, but that she did not think her grandmother would believe her. L.A. explained that she did not tell anyone else about the abuse

---

[1]Each person who was a minor at the time of the commission of an offense against her will be referenced by her initials. TEX. R. APP. P. 9.10.

[2]*See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (2)(B) (West Supp. 2018).

[3]*See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2018).

because Minter threatened to kill her grandmother and her brother if she did. Eventually, L.A. reported the sexual assaults to the Rusk County Sheriff's Department in 2016.

The State also proffered the testimony of D.G., P.F., and S.R.M., who were L.A.'s older cousins. D.G., who was fifty-six years old at the time of trial, testified that when she was ten years old, Minter took care of her younger sisters and her while her parents were at work. Minter would lay on the bed with them and fondle them. In an effort to keep him away from her sisters, D.G. let him do whatever he wanted to her. She testified that Minter would place his head between her legs and insert his finger inside her each day. This abuse continued until her mother opened a daycare, when D.G. was eleven or twelve years old. D.G. did not report the abuse then because Minter threatened to kill her parents if she did. When D.G. was eighteen, she reported the abuse to her mother, who did not believe her at the time.

P.F., D.G.'s sister, testified of similar abuse by Minter when she was seven or eight years old and continuing until she was ten or eleven years old. When P.F. was twenty years old, she reported the abuse to her mother.

S.R.M., who was thirty-four years old at the time of trial, testified that Minter began sexually abusing her while she was spending the summer with Minter and her grandmother. At the time, she was five or six years old. Minter came to her bed, took her pants off, and performed oral sex on her. He then made her touch his penis and ejaculated in her mouth. Minter would come into her room almost every night, stick his fingers inside her, perform oral sex on her, and put his penis in her mouth. This abuse occurred every summer S.R.M. stayed with Minter, until she was ten or eleven, at which time she reported the abuse to her step-mother. S.R.M. and her

3

biological mother later reported the abuse to the police department where they lived in South Dakota, but the police explained that they could not help because the abuse occurred in Texas.

## II.    Minter's Constitutional Challenge Was Not Preserved[4]

In his sole issue on appeal, Minter contends that Article 38.07, by allowing uncorroborated testimony of a sexual assault victim who was a minor at the time of the offense,[5] is unconstitutional because it violates the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution. *See* U.S. CONST. amends. V, XIV. Minter argues that Article 38.07 requires that the uncorroborated testimony be accepted as true based solely on the age of the victim at the time of the offense, thus impermissibly lowering the State's burden of proof. For that reason,

---

[4]Because preservation of error is a systemic requirement, an appellate court should not address the merits of an issue if it has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009). Even if the State does not raise the issue, "a court of appeals should review preservation of error on its own motion." *Id.* (citing *Jones v. State*, 942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 1997)).

[5]Article 38.07 provides:

> (a)    A conviction under Chapter 21, Section 20A.02(a)(3), (4), (7), or (8), Section 22.011, or Section 22.021, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred.
> (b)    The requirement that the victim inform another person of an alleged offense does not apply if at the time of the alleged offense the victim was a person:
> > (1)    17 years of age or younger;
> > (2)    65 years of age or older; or
> > (3)    18 years of age or older who by reason of age or physical or mental disease, defect, or injury was substantially unable to satisfy the person's need for food, shelter, medical care, or protection from harm.

TEX. CODE CRIM. PROC. ANN. art. 38.07.

4

he argues, the admission of the testimony of L.A., D.G., P.F., and S.R.M. violated his right to due process and denied him a fair trial.[6]

To preserve alleged error for appellate review, a party must make a timely objection to the trial court or make some request or motion apprising the trial court of the party's specific complaint and obtain a ruling, or refusal to rule, on the objection or motion from the trial court. TEX. R. APP. P. 33.1(a).[7] Failure to object timely and preserve a complaint waives any appellate review of the matter. *See Vidaurri v. State*, 49 S.W.3d 880, 885–86 (Tex. Crim. App. 2001). "Even constitutional errors may be waived by failure to object at trial." *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (citing *Gibson v. State*, 516 S.W.2d 406, 409 (Tex. Crim. App. 1974)).

The Texas Court of Criminal Appeals has held that a facial challenge to the constitutionality of a statute falls within those rights that can be forfeited if not preserved at trial. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009); *see Marin v. State*, 851 S.W.2d

---

[6]From his brief, it is unclear whether Minter challenges Article 38.07 as facially unconstitutional or argues that it is unconstitutional as applied in this case.

[7]Rule 33.1(a) of the Texas Rules of Appellate Procedure states,

As a prerequisite to presenting a complaint for appellate review, the record must show that:
    (1)    the complaint was made to the trial court by a timely request, objection, or motion that:
        (A)    stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and
        (B)    complied with the requirements of the Texas Rules of Evidence or the Texas Rules of Civil or Appellate Procedure; and
    (2)    the trial court:
        (A)    ruled on the request, objection, or motion, either expressly or implicitly; or
        (B)    refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX. R. APP. P. 33.1(a).

275, 279–80 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1999) (discussing the three types of rules for the purpose of error preservation).[8]  Consequently, a facial challenge to a statute that has not previously been held unconstitutional[9] may not be raised for the first time on appeal.  *Karenev*, 281 S.W.3d at 434. Likewise, the Court of Criminal Appeals has held that "'[a]s applied' constitutional claims are subject to the preservation requirement and therefore must be objected to at the trial court in order to preserve error."  *Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014) (citing *Flores v. State*, 245 S.W.3d 432, 437 n.14 (Tex. Crim. App. 2008); *Curry v. State,* 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995)).

We have reviewed the entire record and found no instance, whether by objection to the testimony of L.A., D.G., P.F., or S.R.M., by pretrial or post-trial motion, or by argument to the trial court, in which Minter asserted that the admission of the testimony of these witnesses under Article 38.07 would violate due process and deny him a fair trial.  Thus, Minter has not preserved this complaint for our review.  *See Reynolds*, 423 S.W.3d at 383; *Karenev*, 281 S.W.3d at 434. We overrule Minter's sole issue on appeal.

## III.    The Judgment Must Be Modified

The trial court's judgment incorrectly reflects that Minter pled "Not True" to any enhancement paragraph(s) and that there was a finding of "True" to any enhancement

---

[8]*Marin* recognized three types of rights:  (1) absolute requirements or prohibitions, (2) rights that are waivable only, and (3) rights that can be forfeited.  *Marin*, 851 S.W.2d at 279–80.

[9]We recognize that if a statute has previously been declared facially unconstitutional, this challenge may be asserted for the first time on appeal.  *Smith v. State*, 463 S.W.3d 890, 896 (Tex. Crim. App. 2015).  Minter has not cited, and we have not found, any Texas Court of Criminal Appeals case declaring Article 38.07 facially unconstitutional.

paragraph(s). However, the record establishes that Minter did not plead to any enhancement paragraph and that there was no finding regarding any enhancement paragraph. We have the authority to modify the judgment to make the record speak the truth. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). For these reasons, we modify the trial court's judgment to reflect that there was no plea and no finding regarding any enhancement paragraph.

## IV.    Conclusion

For the reasons stated, we modify the trial court's judgment by (1) replacing "Not True" with "Not Applicable" next to "Plea to Enhancement Paragraph(s)," and (2) replacing "True" with "Not Applicable" next to "Findings on Enhancement Paragraph(s)." We affirm the trial court's judgment, as modified.

Scott E. Stevens
Justice

Date Submitted:     January 23, 2019
Date Decided:       February __, 2019

Publish

7