

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00073-CR
_____

CALVIN LYONS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 19F0071-202

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Calvin Lyons's sexual encounter with Sue[1] when she was ten years old resulted in a Bowie County jury's conviction of Lyons for two counts of aggravated sexual assault of a young child.[2] Lyons was sentenced to sixty-five years' imprisonment on each count, with the sentences to run concurrently. On appeal, Lyons contends that the statute under which he was convicted is unconstitutional as applied in this case because it violates his right to due process under the Fourteenth A+mendment to the United States Constitution. *See* U.S. CONST. amend. XIV. Because Lyons did not preserve this issue for our review, we affirm the trial court's judgment.

## I. Lyons's Sole Complaint Was Not Preserved

In his sole issue on appeal, Lyons contends that Section 22.021(a)(2)(B) of the Texas Penal Code, which made him strictly liable for having sex with a child under the age of fourteen, violated his right to due process because it failed to take into account the particular facts of his case.[3] However, Lyons failed to preserve this issue for appellate review.

"Preservation of error is a systemic requirement on appeal." *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) (citing *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005)). An appellate court should not address the merits of an issue if it has not been preserved for appeal. *Id.* Consequently, we should review preservation of error on our own motion, even if the parties have not raised the issue. *Id.* at 532–33.

---

[1]We use pseudonyms to refer to the minor victim. *See* TEX. R. APP. P. 9.10.

[2]*See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (ii), (2)(B).

[3]Section 22.021(a)(2)(B) makes the sexual assault of a child younger than fourteen years of age an aggravated sexual assault. *Fleming v. State*, 455 S.W.3d 577, 582 (Tex. Crim. App. 2014). There is no mens rea requirement as to the age of the victim. *Id.*; *see* TEX. PENAL CODE ANN. § 22.021(a)(2)(B).

To preserve an issue for our review, "a party must make a timely objection to the trial court or make some request or motion apprising the trial court of the party's specific complaint and obtain a ruling, or refusal to rule, on the objection or motion from the trial court." *Minter v. State*, 570 S.W.3d 941, 943 (Tex. App.—Texarkana 2019, no pet.) (citing TEX. R. APP. P. 33.1(a)). "Almost all error—even constitutional error—may be forfeited if the appellant fails to object." *Proenza v. State*, 541 S.W.3d 786, 808 (Tex. Crim. App. 2017) (citing *Fuller v. State*, 253 S.W.3d 220, 232 & n.48 (Tex. Crim. App. 2008)). "[T]he Court of Criminal Appeals has held that "'[a]s applied" constitutional claims are subject to the preservation requirement and therefore must be objected to at the trial court in order to preserve error.'"[4] *Minter*, 570 S.W.3d at 944 (quoting *Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014) (citing *Flores v. State*, 245 S.W.3d 432, 437 n.14 (Tex. Crim. App. 2008); *Curry v. State*, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995)).

We have reviewed the entire record and have found no instance in which Lyons asserted that the application of Section 22.021(a)(2)(B) would violate his right to due process, whether by objection, by argument to the court, or by pretrial, in-trial, or post-trial motion. Consequently, Lyons has not preserved this issue for our review. *Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014). We overrule Lyons's sole issue on appeal.

---

[4]To the extent that Lyons's complaint may be construed to be a facial challenge to the constitutionality of Section 22.021(a)(2)(B), the Court of Criminal Appeals has held that a facial challenge can also "be forfeited if not preserved at trial." *Minter*, 570 S.W.3d at 944 (citing *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009)).

## II. Disposition

For the reasons stated, we affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted: January 6, 2021
Date Decided: January 8, 2021

Do Not Publish