

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00042-CR
_____

TERESA PHINNEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27769

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Teresa Phinney appeals her adjudication for assault upon an emergency services employee entered as part of a plea agreement in April 2019. Pursuant to the terms of the plea agreement, Phinney pled guilty and the trial court deferred a finding of guilt. In February 2020, the trial court adjudicated Phinney guilty and sentenced her to eight years' imprisonment. Phinney appeals the trial court's judgment, arguing that it improperly imposed a fine that the trial court did not orally pronounce at the adjudication hearing. She also complains that the judgment improperly assessed reimbursement that was not included in the trial court's bill of costs.

However, the trial court subsequently issued a judgment nunc pro tunc that addressed Phinney's complaints. We find that the judgment nunc pro tunc renders Phinney's points of appeal moot. Nevertheless, because we further find that the portion of the court costs representing reimbursement for the fees of appointed counsel was not supported by the record, we modify the judgment to reduce the amount of court costs from $727.00 to $389.00. We affirm the trial court's judgment, as modified.

## I.    Procedural History

Phinney pled guilty to the offense of assault upon an emergency services employee in the Spring of 2019. At that time, the parties agreed to the imposition of a fine in the amount of $500.00. The trial court's order deferring adjudication included that fine. However, when the trial court later revoked Phinney's community supervision, adjudicated her guilty of the offense charged, and sentenced her, it did not orally pronounce any fine as part of the sentence. Nevertheless, even though the trial court did not pronounce a fine when it sentenced Phinney, the

trial court's judgment included a $490.00 fine. The judgment also imposed court costs in the amount of $269.00 and restitution in the amount of $458.00. Subsequently, the trial court entered a judgment nunc pro tunc eliminating the fine and restitution and, instead, ordering Phinney to pay court costs in the amount of $727.00. Phinney appeals from that judgment nunc pro tunc.

## II. Discussion

In her first point of error, Phinney complains that the trial court erred by imposing a fine of $490.00 in its judgment. Phinney correctly points out that, in a situation like this, no sentence was imposed until the court adjudicated her guilty. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). Any fine, which is punitive,[1] must be pronounced in the defendant's presence when sentence is imposed. Other than a few statutory exceptions not applicable here, "sentence shall be pronounced in the defendant's presence." TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1. Accordingly, the trial court incorrectly imposed a fine in the original judgment. Nevertheless, the trial court eliminated that fine in its judgment nunc pro tunc. This effectively granted the relief Phinney requests from this Court, rendering this point of error moot. Therefore, we overrule this point of error.

In her second point of error, Phinney complains that the imposition of $458.00 in restitution in the original judgment is misnamed and is not supported by the bill of costs. In her appellate brief, Phinney argues that "the Bill of Costs would support costs of court of $727,

---

[1] "Fines are punitive, and they are intended to be part of the convicted defendant's sentence as they are imposed pursuant to Chapter 12 of the Texas Penal Code, which is entitled 'Punishments.'" *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011).

3

RATHER than court costs of $269 and reimbursement fees of $458. That is to say, the reimbursement expenses are presumably misnamed, but should have been labeled costs of court." Phinney concludes, "Regardless, costs of court of $269 were supported by the Bill of Costs, but reimbursable expenses of $458 are not."[2]

As with her first point of error, we find that the trial court addressed Phinney's complaint in the judgment nunc pro tunc. The judgment nunc pro tunc eliminated the award of restitution and, instead, ordered payment of court costs in the amount of $727.00. A supplemental bill of costs, entered the same day as the judgment nunc pro tunc, also shows court costs of $727.00, which is the amount of court costs reflected in the judgment nunc pro tunc. The judgment nunc pro tunc remedied the issue Phinney asserts in her second point of error and renders this question moot. Accordingly, we overrule this point of error.

### III.    Modification of the Judgment Nunc Pro Tunc Is Necessary Because the Assessment of Attorney Fees Is Not Supported by the Record

Nevertheless, we find that the supplemental bill of costs contains an assessment of $338.00 as reimbursement for attorney fees that is not supported by the record. After the State moved to adjudicate Phinney guilty, the trial court found her to be indigent and appointed an attorney to represent her. "Once a defendant is found to be indigent, he or she is presumed to continue in that status, for the purpose of assessing attorney's fees, unless there is evidence of a material change in his or her financial circumstances." *Martin v. State*, 405 S.W.3d 944, 946–47

---

[2]The trial court's order deferring adjudication and adopting the plea agreement terms includes no restitution. Nor was any evidence presented to establish restitution. Accordingly, we are unable to determine the source of this restitution in the record. We presume that, because $269.00 plus $458.00 equals $727.00, Phinney argues that the restitution in the amount of $458.00 should be deleted from the judgment, while the amount of court costs should be increased by that same amount.

(Tex. App.—Texarkana 2013, no pet.); *see* TEX. CODE CRIM. PROC. ANN. art. 26.04(p). Nothing in the record suggests that Phinney's inability to pay attorney fees had changed. Therefore, the assessment of attorney fees was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). "We have the authority to modify the judgment to make the record speak the truth." *Minter v. State*, 570 S.W.3d 941, 944 (Tex. App.—Texarkana 2019, no pet.) (citing TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992)). Consequently, we modify the judgment nunc pro tunc by deleting the portion of court costs that includes $338.00 in attorney fees.

## IV.    Conclusion

For all the foregoing reasons, we overrule Phinney's points of error. We modify the judgment nunc pro tunc to reduce the amount of court costs from $727.00 to $389.00. As modified, we affirm the trial court's judgment and sentence.


Ralph K. Burgess
Justice

Date Submitted:    August 18, 2020
Date Decided:      March 5, 2021

Do Not Publish

5