

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00126-CR

RAYMOND EARL ROGERS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2018-1420-C1

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Raymond Earl Rogers entered an open plea of guilty to five counts of sexual assault of a child and one count of indecency with a child. *See* TEX. PENAL CODE ANN. §§ 21.11, 22.011. After a punishment trial to the bench, Rogers was sentenced to fifteen years' imprisonment for all six offenses. On appeal, Rogers argues that the trial court erred in admitting victim-impact testimony before sentencing.[1] The State argues that Rogers's sole issue on appeal is unpreserved, and we agree. Even so, we must modify the trial court's judgments to correct clerical errors. As modified, we affirm the trial court's judgments.

## I. Rogers's Sole Point of Error on Appeal is Unpreserved

During punishment, Rogers entered into an agreement with the State to allow the victim to introduce a statement, as shown by the following portion of the transcript:

> [BY THE STATE]: Judge, we're going to call [the victim] next. And just so the Court is aware, the State and defense have previously discussed, the defense is not going to ask her any questions, the State isn't going to ask her any questions, just let her speak is what the defense has agreed to.
>
> THE COURT: Basically an impact statement.
>
> [BY THE STATE]: Basically. Whatever she feels like she needs the Court to hear is what she's going to talk about right now.
>
> THE COURT: All right. But normally we don't put an impact statement on the record, but since---

---

[1] Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Tenth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[BY THE STATE]: We're all in agreement about this, Judge. The defense isn't objecting to anything. I don't know if this is a technical victim impact statement. It's just what her testimony would be.
. . . . We want it on the record.

THE COURT: Okay. All right.

The victim took the stand and informed the trial court of how the offenses had impacted her. Rogers never objected to the testimony.

Even so, Rogers argues that the trial court abused its discretion in allowing the victim's testimony because victim-impact statements must be made "after punishment has been assessed and the court has determined whether or not to grant community supervision in the case," "after the court has announced the terms and conditions of the sentence," and "after sentence is pronounced." TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(b).

Generally, "[a]s a prerequisite to presenting a complaint for appellate review, the record must show that" it "was made to the trial court by a timely request, objection, or motion that . . . stated the grounds for the ruling . . . with sufficient specificity to make the trial court aware of the complaint." TEX. R. APP. P. 33.1(a). A complaint about the admission of victim-impact testimony must be preserved at trial. *Mays v. State*, 318 S.W.3d 368, 392 (Tex. Crim. App. 2010) (citing *Guevara v. State*, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003) ("defendant failed to preserve any error regarding admission of victim-impact evidence because his objection at trial did not comport with complaint raised on appeal")). Because Rogers failed to raise any complaint about the victim's testimony, and instead agreed to allow her statement to be read to the trial court, he failed to preserve his appellate complaint for our review. *See id.*; *McFadden v. State*, Nos. 10-13-00038-CR & 10-13-00039-CR, 2014 WL 2566480, at *1 (Tex. App.—Waco

3

June 5, 2014, pet. ref'd) (mem. op., not designated for publication); *Taylor v. State*, No. 10-01-00109-CR, 2004 WL 444531, at \*9 (Tex. App.—Waco Mar. 10, 2004, pet. ref'd) (mem. op., not designated for publication).[2] We overrule Rogers's sole point of error.

## II. The Judgments Must Be Modified to Correct Clerical Errors

"An appellate court has authority to reform a judgment to make the record speak the truth." *Washington v. State*, 594 S.W.3d 784, 789–90 (Tex. App.—Waco 2019, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992)); *see Minter v. State*, 570 S.W.3d 941, 944 (Tex. App.—Texarkana 2019, no pet.).

The record in this case shows that Rogers entered an open guilty plea to each count alleged in the State's indictment. Even so, under a section labeled "Terms of Plea Bargain," each judgment contains the phrase "FIFTEEN (15) YEARS IN AN INSTITUTIONAL DIVISION, TDCJ." Because there was no plea bargain in this case, we delete this phrase from the "Terms of Plea Bargain" section of each judgment.

Also, the judgment convicting Rogers of indecency with a child incorrectly refers to the sexual assault of a child statute as the statute of offense. As a result, we modify the trial court's judgment convicting Rogers of indecency with a child to reflect that the correct statute of offense is Section 21.11 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 21.11.

---

[2]"Although unpublished opinions have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

### III.    Conclusion

We delete the phrase "FIFTEEN (15) YEARS IN AN INSTITUTIONAL DIVISION, TDCJ" from the "Terms of Plea Bargain" section shown on each of Rogers's six judgments of conviction.  We also modify the trial court's judgment convicting Rogers of indecency with a child to reflect that the correct statute of offense is Section 21.11.  As modified, the judgments of the trial court are affirmed.

Scott E. Stevens
Justice

Date Submitted:     April 9, 2021
Date Decided:       May 13, 2021

Do Not Publish