

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00050-CR

MARVIN LYNN FLEMING, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 28581

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

A Lamar County jury convicted Marvin Lynn Fleming, Jr., of family violence assault by occlusion against Penny Harrell, with a prior conviction for family violence assault, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b-3) (Supp.). After Fleming pled true to the State's punishment enhancement allegation, the jury assessed a punishment of seventy years' imprisonment with a $10,000.00 fine.

On appeal, Fleming argues that the evidence was insufficient to prove that he was previously convicted of family violence assault. He also argues that the trial court's judgment should be modified to reflect a conviction under the proper statute of offense. We find that (1) Fleming waived any right to complain about the stipulated prior conviction, but (2) the judgment must be modified to reflect the proper statute of offense and affirmed, as so modified.

*(1)    Fleming Waived Any Right to Complain About the Stipulated Prior Conviction*

Family violence assault is a second-degree felony if the defendant has a prior conviction for family violence assault and the offense is by occlusion. *See* TEX. PENAL CODE ANN. § 22.01(b-3). In its indictment, the State alleged that Fleming was previously convicted, September 20, 2018, of family violence assault in cause number 66735 in the County Court of Lamar County. To establish that prior offense, the State introduced, without objection, a certified September 20, 2018, judgment from the County Court of Lamar County in cause number 66735, convicting Fleming of assault causing bodily injury. Although the judgment contained the phrase "FAMILY VIOLENCE," the phrase was struck through and initialed by the

2

presiding judge of the County Court of Lamar County. As a result, Fleming argues that insufficient evidence established that the previous conviction was for family violence assault.

Fleming's argument ignores a key stipulation made by his counsel. The record at trial shows that the State sought to introduce the information from the prior offense to prove that the prior conviction was for family violence assault causing bodily injury. Yet, Fleming objected to the admission of the information from cause number 66735. When the State argued that it needed the information "to establish the identity of the victim as well as the relationship," Fleming stipulated to the fact that the prior offense, also, was committed against Harrell and that "it was family violence." After a recess, the trial court entered the following agreed stipulation relating to the judgment in cause number 66735: "[I]t is stipulated that the Defendant was convicted of an offense under Chapter 22 of Texas Penal Code against Penny Harrell, a person with whom the Defendant had a prior dating relationship as described by Section 77.021(b) of the Texas Family Code."[1]

Stipulations "have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Bryant v. State*, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005) (quoting 2 JOHN W. STRONG, ET AL., MCCORMICK ON EVIDENCE § 255 (5th ed. 1999)). Accordingly, a stipulation by the defense is a sufficient means of proving a prior conviction. *Henry v. State*, 509 S.W.3d 915, 919 (Tex. Crim. App. 2016); *Flowers v. State*, 220 S.W.3d 919, 921–22 (Tex. Crim. App. 2007); *see Hernandez v. State*, 109 S.W.3d 491, 495 (Tex. Crim. App. 2003) ("The appellant's stipulation would have placed the prior convictions into evidence,

---

[1] Also, Harrell testified that Fleming was charged with assaulting her in 2018 and "served a little bit of time."

making the jury aware of their existence.").  If a defendant elects to stipulate to evidence, "his stipulation is a kind of judicial admission," which becomes "'a substitute for evidence, in that it does away with the need for evidence.'"  *Bryant*, 187 S.W.3d at 400 (quoting 9 WIGMORE ON EVIDENCE § 2588 (3d ed. 1940).  Because he stipulated that the prior conviction was for family violence assault, Fleming cannot now argue that the State "failed to prove its case on an element to which he stipulated."  *Id. at* 401.  This is because "[b]y stipulating, [Fleming] 'waived any right to contest the absence of proof on the stipulated elements.'"  *Id.* (quoting *Harrison v. United States*, 204 F.3d 236, 240 (D.C. Cir. 2000)).

We conclude that Fleming waived any right to argue that the State failed to prove that his prior conviction was for family violence assault when he expressly stipulated at trial that the conviction was for family violence assault.  Therefore, we overrule this point of error.[2]

*(2)      The Judgment Must Be Modified to Reflect the Proper Statute of Offense*

The trial court's judgment reflects an offense under Section 22.01(b-1), which applies when the actor is "committed to a civil commitment facility."  *See* TEX. PENAL CODE ANN. § 22.01(b-1) (Supp.).  Since Fleming was not in a civil commitment facility, Section 22.01(b-1) does not apply to this case.

Fleming claims that the judgment should be modified to reflect a conviction under Section 22.01(b-2), but that section does not apply because it concerns offenses committed against peace officers or judges.  *See* TEX. CODE CRIM. PROC. ANN. art. 22.01(b-2) (Supp.).  No evidence suggests that Harrell was a peace officer or judge.

---

[2]For the same reasons, we overrule Fleming's complaint that "[n]o evidence supported the prior family violence conviction element . . . because the jury was instructed not to consider the prior conviction as evidence of guilt."

4

The proper statute is Section 22.01(b-3), which provides that assault "is a felony of the second degree if":

(1)    the offense is committed against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code;

(2)    it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter, Chapter 19, or Section 20.03, 20.04, or 21.11 against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code; and

(3)    the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth.

TEX. PENAL CODE ANN. § 22.01(b-3).

"We have the authority to modify the judgment to make the record speak the truth." *Minter v. State*, 570 S.W.3d 941, 944 (Tex. App.—Texarkana 2019, no pet.) (citing TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.)). We agree with Fleming's contention that the judgment should be modified to reflect the proper statute of offense. We agree and sustain this point of error.

We modify the trial court's judgment to reflect that Fleming was convicted under Section 22.01(b-3) of the Texas Penal Code. We affirm the trial court's judgment, as so modified.

Josh R. Morriss, III
Chief Justice

Date Submitted:     October 11, 2022
Date Decided:      October 19, 2022

Do Not Publish